(No. 4966—)

CHARLES L. KELLAMS and DOROTHY KELLAMS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1962.*

FRANK H. BYERS, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

FEARER, J.

This is a claim for damages sustained subsequent to the year 1955 by claimants, Charles L. Kellams and Dorothy Kellams, the owners of a home located on the following described real estate, in the City of Decatur, Illinois:

Lot Twenty (20) in Block One (1) of Urban Place as per plat recorded in Book 149, page 107, of the records in the Recorder's Office of Macon County, Illinois, except the North Seventy-six feet (76').

The charges of negligence in the complaint consist generally of faulty construction in the reconstruction of North 22nd Street, at the intersection of East Prairie Street, in the City of Decatur, Illinois.

The home in question is located on the northwest corner of the intersection of East Prairie Street and North 22nd Street. In the reconstruction of the intersection respondent rebuilt a sidewalk and driveway to claimants' home.

Claimants charge that the concrete driveway approach and the concrete highway slab were one solid piece of concrete abutting the northeast corner of claimants' residence, thereby transmitting vibrations caused by heavy traffic in the intersection where a slight rise appears. It is also alleged that respondent neglected to allow sufficient spacing between the concrete highway slab and the concrete driveway so as to prevent vibrations caused by heavy traffic, which claimants contend caused cracks in the foundation, plaster to fall in various parts of the house, and cracks to appear in the walls.

The Department of Public Works and Buildings, Division of Highways, of the State of Illinois, did undertake the reconstruction of the intersection in question. However, the highway in question is under the jurisdiction of the City of Decatur for maintenance, as it lies within the corporate limits.

A Departmental Report was admitted in evidence, which had attached thereto a drawing of the section of highway in question and location of claimants' home. The only objection raised by claimants' counsel was that the drawing was not to scale. He also objected to that portion showing conveyance of former owners, and that portion showing payment to claimants for other property, and what was received from a third party. These matters objected to, we will not consider.

Part of the hearing was held in claimants' home, and the Commissioner hearing this case inspected not only that portion of the highway objected to, the driveway

and the sidewalk, but the damaged portions of the home, which were testified to by Mr. and Mrs. Kellams.

Both Mr. and Mrs. Kellams testified that, when heavy vehicular traffic passed through the intersection, it caused certain vibrations, which resulted in the damages they are now claiming.

It is contended by claimants that the city is the agent of respondent. Without further comment, the City of Decatur is not the agent of respondent, nor can the City of Decatur bind, in any way, the State of Illinois.

This cause must rest solely upon the question of whether or not the State of Illinois, through its agent, the Department of Public Works and Buildings, Division of Highways, negligently reconstructed the slab of concrete in question at the location referred to, and the sidewalk and concrete drive abutting claimants' home.

The record is silent as to the distance from the bump or rise in the highway to claimants' property. Claimants did not offer any expert testimony that improper engineering practices were employed in the construction and laying of the concrete at the intersection, or in the laying of the sidewalk and driveway on claimants' property.

From the Departmental Report it appears that a bituminous felt expansion joint was used, allowing a complete separation of the paved driveway approach from the adjacent sidewalk; and, that a one-inch expansion joint exists between the concrete of the sidewalk and driveway and claimants' home, except where an earth berm intervenes.

Mr. J. T. Doyle, an architect with five and one-half years experience with an engineering service in Decatur, Illinois, testified that he noticed cracks in the plaster and foundation; that he examined the house on the average of every six months; that the vibrations were caused by

trucks; and that the vibrations originated from the bump in the street. However, his first observance of the street and home was in 1959,. He had visited in the home of claimants since 1954, but his visits were not for the purpose of examining defects of the street and damages to the home until 1959, which was some three years after the street and concrete slab in question were constructed.

He did testify, however, that the construction of pavement leading to the garage could not have caused any damage to the home; and that the sole cause of such damage was vibrations, which were caused by the bump in 22nd Street. Furthermore, he did not testify that the State was negligent in any manner in the construction of the street, the laying of the concrete slab, or failure to construct and lay the concrete without sufficient and proper expansion joints.

There is an entire absence of testimony offered by claimants that respondent, by and through its agents, negligently used unsound engineering practices in the building and construction of the street in question.

Respondent called a resident engineer, who testified that the street was widened; old pavement in claimants' driveway was removed, due to the change in the grade of the driveway as a result of the reconstructed street, and that, without objection from claimants, a new sidewalk was built from the driveway to the house. He further testified that standard, approved, expansion joints were placed in the new pavement in keeping with accepted methods of construction, and that after the construction there was no bump in 22nd Street; that any bump that might have resulted was caused by a blow-up at the junction of Prairie Avenue, and that such a blow-up cannot be prevented. However, it was his opinion that any damages claimed by claimants to their home were not caused

by the bump in Prairie Avenue, as it was too far away from the home to cause such damage. He further testified that the new street project was commenced on April 14, 1955, and finished on October 1, 1956, which included the laying and completion of the driveway and sidewalk for claimants.

On cross-examination he testified that the cracks could have been caused by moisture; also, there was evidence that cracks in the foundation, walls and ceiling could be caused by the settling of the house.

Respondent also called Robert W. Johnson, who worked as an engineer on the project. He testified also that the work was done by respondent's agents according to good engineering practices; that the expansion joints were large enough to prevent vibrations from reaching the house; that special contraction joints were placed along the center line of the street in accordance with good engineering practices; that it was his opinion that the bump did not cause the damage to claimants' house, and that such damage, as claimants were contending, to the plaster could result from settling of the foundation, the condition of the soil, and/or contraction of plastering. As to the damage to the sidewalls, such could occur from moisture coming in from the foundation.

One other witness was called by claimants, Walter J. Ware, a general contractor, who estimated that the cost of repairs to claimants' home would be around $1,200.00 to $1,500.00.

From the record and the testimony of the respective witnesses, we do not believe it material to consider the exhibits offered and received in evidence, nor do the citations submitted by claimants throw any light upon the legal aspect of this case for the reason that claimants have failed to maintain the burden of proof, and to

prove by a greater weight of evidence that respondent, through the Department of Public Works and Buildings, Division of Highways, did not adopt good engineering practices in the construction of the highway and the building of the sidewalk and driveway.

Claimants' contention that eminent domain proceedings should have been commenced by respondent is without merit, and will not be considered in this opinion.

It is, therefore, the order of this Court that claimants' claim be denied.